IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDAN KELLY, ) | |
| ) | Case No. 17-cv-8462 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| VILLAGE OF LEMONT, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brendan Kelly brought this lawsuit against the Village of Lemont and Lemont police officers alleging an excessive force claim in violation of the Fourth Amendment and a state law malicious prosecution claim. Kelly has moved *in limine* to bar the opinion testimony of defendants' expert psychiatrist Dr. James Cavanaugh pursuant to the Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Because plaintiff has limited his damages to "garden variety" emotional damages and will not be calling his treating neuropsychologist and other mental health care provider at trial, the Court grants Brendan's motion without prejudice.

**Background**

Defendants retained Dr. Cavanaugh as a psychological damages expert to "address Plaintiff's mental health issues which compromise a significant portion of Plaintiff's alleged emotional damages." After reviewing Brendan's confidential medical records, Dr. Cavanaugh formed several opinions based on his expertise and knowledge concerning Brendan's mental health issues, including his rebuttal of the posttraumatic stress disorder ("PTSD") diagnoses of Brendan's treating neuropsychologist Dr. Susan Walsh and Carmen T. Adams, LCSW.

At the February 15, 2022, pretrial conference, plaintiff's counsel informed the Court that Brendan was no longer seeking damages based on his diagnosis of PTSD, but instead is only seeking garden variety emotional damages. In addition, Brendan will not be calling Dr. Walsh or Carmen Adams as witnesses at trial. Because Brendan is no longer seeking damages based on his PTSD diagnoses, Dr. Cavanaugh's opinions rebutting Dr. Walsh's and Ms. Adams' PTSD diagnoses, along with his other PTSD opinions are simply not relevant to these proceedings.

Nevertheless, defendants argue that Brendan's medical history is relevant to his damages because there were other stressors in Brendan's life prior to the November 2015 incident underlying this lawsuit. Defendants maintain that Brendan's medical history of these stressors, such as his history of alcohol abuse, is relevant to his emotional damages, even though Brendan now seeks only garden variety emotional damages.

**Analysis**

Courts in this district have explained that a plaintiff's choice of garden variety emotional damages is "a self-imposed limitation" that permits a plaintiff "to testify only that []he felt humiliated, embarrassed, angry or upset because of the alleged" misconduct. *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999) (Kennelly, J.). By making this choice, a plaintiff "cannot inject his or her psychological treatment, conditions, or symptoms into a case," and thus he limits his ability to recover "a broader damage claim." *Id.*; *see also Ikumen v. Bayview Loan Servicing, LLC*, 2018 WL 7891978, at *1 (N.D. Ill. July 27, 2018) (Dow, J.) ("This is a permissible tactic that operates as a waiver of a broader claim.") (Dow, J.). In short, garden variety emotional damages flow from defendant's alleged misconduct. *See Gonzalez v. Scaletta*, No. 17 C 7080, 2018 WL 6573227, at *4 (N.D. Ill. Dec. 12, 2018) (Castillo, J.)

If Brendan confines his trial testimony and evidence to "garden variety" emotional damages, the probative value of Dr. Cavanaugh's opinions about Brendan's medical history are substantially

outweighed by Brendan's privacy interest in his medical records and history. *See Valdez v. Lowry*, 18 C 5434, 2021 WL 5769533, at *5 (N.D. Ill. Dec. 26, 2021) (Cummings, J.) (citing *Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006)). If Brendan opens the door to his medical history, the Court will allow trial testimony and evidence on the subject.

**Conclusion**

    Based on the foregoing, the Court grants plaintiff's motion to preclude Dr. James Cavanaugh's trial testimony [209] without prejudice.

Date: 2/16/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge